IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| **UNITES STATES OF AMERICA** | ) | |
| | ) | **CRIMINAL ACTION NO.** |
| v. | ) | **3:16CR428-MHT** |
| | ) | **(WO)** |
| **TARIQ KHALIL JONES** | ) | |

**OPINION AND ORDER**

Defendant Tariq Khalil Jones is charged in a 23-count indictment with Hobbs Act robberies, 18 U.S.C. § 1951, possessing and brandishing or discharging a firearm during crimes of violence, 18 U.S.C. § 924(C)(1), and carjacking, 18 U.S.C. § 2119.  He has filed a motion to dismiss counts 7 through 12 for improper venue.  Based on the representations made in the record and at the oral argument, the court will deny the motion, albeit without prejudice.

**I. BACKGROUND**

The initial indictment charged Jones with 22 counts of Hobbs Act robberies, possessing and brandishing or

discharging a firearm during crimes of violence, and carjacking, all arising out of ten different alleged armed robberies of businesses and an attempted carjacking in various locations in Alabama and Georgia. He responded with a motion to dismiss counts 7 through 12 for improper venue, arguing that the underlying alleged robberies for those counts took place in Georgia, without any nexus to the Middle District of Alabama.  The government then filed a superseding indictment increasing the number of counts to 23, and specifically alleging aiding and abetting for each charged offense.  In its response to the motion to dismiss, filed after the superseding indictment, the government argued that it has evidence that Jones aided or abetted the Georgia robberies while he was in Alabama.

During the oral argument, the parties agreed that Jones's motion to dismiss applies to the superseding indictment, and Jones clarified that he is not

challenging the facial adequacy of the indictment, but rather is challenging whether the government's evidence supports venue in the Middle District of Alabama as to the counts at issue.

## II.   DISCUSSION

Jones wants the court to make a pretrial determination as to venue.  However, it is unclear from his filings as well as his oral argument whether he wants the court itself to make a pretrial <u>factual</u> determination of whether venue is appropriate or whether he wants the court to make a pretrial determination of the <u>adequacy of the evidence</u> as to venue.  The court will assume that he is challenging venue on both grounds.

The Federal Rules of Criminal Procedure provide that a defendant may, in a pre-trial motion, challenge an indictment on the basis of improper venue. Fed. R. Crim. P. 12(b)(3)(a)(i).   However, these rules further

provide that the motion may be resolved pretrial only "if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Fed. R. Crim. P. 12(b)(3).  The question posed to this court, therefore, is whether Jones's venue challenges "can be determined without a trial on the merits."  Id.  His challenges cannot.

Venue is a factual issue and, when challenged by a defendant, the government must, "[a]s with resolving other important elements contained in a charge," prove it to the trial factfinder (a jury unless the right to jury trial is waived), United States v. Snipes, 611 F.3d 855, 865-66 (11th Cir. 2010), by a preponderance of the evidence, see United States v. Shearer, 794 F.2d 1545, 1551 (11th Cir. 1986).  Thus, to the extent that Jones is asking the court itself to make a pretrial factual determination of the propriety of venue as to counts 7 through 12, doing so would impermissibly invade the jury's province to make that determination

at trial.  See Snipes, 611 F.3d at 866 ("it would not have been proper for the district court to find the appropriate venue in a pretrial evidentiary hearing").

Moreover, "[t]here is no summary judgment procedure in criminal cases." United States v. Critzer, 951 F.2d 306, 307 (11th Cir. 1992) (per curiam).  There is no "pre-trial determination of the evidence."  Id.  In other words, whether the government's evidence is adequate to support venue, although a legal issue, must await trial.  Thus, to the extent that Jones is asking the court to make a pretrial determination as to whether the government's evidence is adequate to support a jury finding of venue as to counts 7 through 12, that adequacy-of-evidence determination must await trial.

Here, the parties dispute the underlying facts regarding venue.  This court does not reach whether a trial court has discretion to make a pretrial venue determination when the parties agree that "there are no

disputed facts and only legal questions concerning the significance or sufficiency of the undisputed facts" remain.  United States v. Ayo, 801 F. Supp. 2d 1323, 1328 (S.D. Ala. 2011) (Steele, C.J.).

In conclusion, it is impermissible, on the record presented here, for this court to hold an evidentiary hearing to determine either of the following two issues: first, whether venue is, in fact, proper as to the counts at issue, or, second, whether the government has enough evidence for the jury to find venue as to these counts.  The jury must make the factual determination and the court's adequacy determination must await trial as well.

***

Accordingly, it is ORDERED that defendant Tariq Khalil Jones's motion to dismiss (doc. no. 22) is denied without prejudice to his right to challenge at trial the adequacy of the venue evidence.  The court suggests that, prior to trial, the government and

defendant Jones submit to the court proposed jury instructions on venue.

DONE, this the 23rd day of February, 2017.

                                                **/s/ Myron H. Thompson**
                                            **UNITED STATES DISTRICT JUDGE**